IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHAN WINSTON BUNDY, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 19-3865 |
| | : | |
| v. | : | |
| | : | |
| JOSEPH TERRA, THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | : | |
| | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 24th day of May, 2023, after considering the petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by the *pro se* petitioner, Nathan Winston Bundy (Doc. No. 2), the petitioner's memorandum of law in support of his habeas petition (Doc. No. 15), the respondents' response in opposition to the habeas petition (Doc. No. 18), the respondents' supplemental response in opposition to the habeas petition (Doc. No. 32), the state court record, and the report and recommendation filed by United States Magistrate Judge Elizabeth T. Hey (Doc. No. 35); and no party having filed objections to the report and recommendation; and the time for the parties to file objections having already passed;[1] accordingly, it is hereby **ORDERED** as follows:

1.   The clerk of court is **DIRECTED** to **REMOVE** this case from civil suspense and **RETURN** it to the undersigned's active docket;

2.   The Honorable Elizabeth T. Hey's report and recommendation (Doc. No. 35) is **APPROVED** and **ADOPTED**;[2]

3.      The petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 2) is **DENIED**;

4.      The petitioner has not made a substantial showing of the denial of a constitutional right and is therefore not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(2);[3] and

5.      The clerk of court shall **MARK** this case as **CLOSED**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] The parties had until May 8, 2023, to file objections to the report and recommendation. *See* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); E.D. Pa. Loc. Civ. R. 72.1IV(b) ("Any party may object to a magistrate judge's proposed findings, recommendations or report under 28 U.S.C. 636(b)(1)(B), and subsections 1(c) and (d) of this Rule within fourteen (14) days after being served with a copy thereof. Such party shall file with the Clerk of Court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections."); Notice to R. & R., Doc. No. 35-2 ("You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file with the clerk and serve upon all other parties' written objections thereto (See Local Civil Rule 72.1 IV (b))."); *see also* Fed. R. Civ. P. 77(d)(1) ("Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear."); Fed. R. Civ. P. 5(b)(2) ("A paper is served under this rule by: . . . (E) sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing--in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served[.]").

[2] Since neither party filed objections to Judge Hey's report and recommendation, this court need not review the report before adopting it. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). Nonetheless, "the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Id.* As such, the court has reviewed the report for plain error. *See Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection, . . . this Court will review [the magistrate judge's] Report and Recommendation for clear error." (internal quotation marks omitted)). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court has reviewed Judge Hey's report for plain error and has found none.

[3] *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (explaining that the requisite showing for obtaining a certificate of appealability under section 2253(c)(2) when the district court resolves the issue in a habeas petition on the merits is: "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").